No. 548

First Circuit

HEFFNER v. CROWLEY MOTOR CO., INC.

(December 3, 1929.   Opinion and Decree.)
(December 30, 1929.   Rehearing Refused.)

W. J. Carmouche, of Crowley, attorney for plaintiff, appellant.

Pugh & Buatt, of Crowley, attorneys for defendant, appellee.

LECHE, J. Marshal Heffner, aged about 19, entered into an agreement with defendant. In accordance with the terms of that agreement, he turned over to defendant a secondhand Ford roadster automobile,

which the defendant accepted with the understanding that its value, agreed to be $150, would be deposited with defendant and would be retained as part of the purchase price of a new Ford automobile. He also agreed to purchase from defendant a new automobile, which was to be delivered to him as soon as defendant received its quota of the new Ford automobiles which were then about to be put on the market in Crowley. Marshal Heffner was at that time working for Mr. or Mrs. Leonard Hooker, was apparently supporting himself by his labor, and there was nothing in his appearance to suggest the impression that he was a minor. The Hooker family was engaged in the business of selling automobiles, and Marshal Heffner, anxious to provide himself with another automobile, did not want to wait for the arrival of the new Fords at the Crowley Motor Company's establishment, so that after some three or four weeks he proceeded to buy a second-hand Dodge roadster from Mrs. Hooker. The agreement between Marshal Heffner and the Crowley Motor Company was entered into on August 29, 1927, and the sale from Mrs. Hooker to Marshal Heffner was consummated September 19, 1927.

The present suit was filed about May 4, 1928, by A. C. Heffner, father of Marshal Heffner, who, after alleging that the contract between Marshal Heffner and the Crowley Motor Company was null and void, because Marshal Heffner was then a minor, seeks to recover the sum of $180, the proceeds which he alleges were received by defendant when it sold the Ford roadster, which had been turned over to it by the said Marshal Heffner.

There are two defenses made to this demand. The first is that plaintiff has no interest in, and therefore no right of action on, the issue presented by his petition, for the reason that the credit, said to amount to $150, resulting from the deposit of the proceeds of sale of the Ford roadster, has been assigned and transferred to Mrs. Leonard Hooker, and no longer belongs to plaintiff or to his son. This defense was presented in the form of an exception. On the trial of the exception, the district judge referred it to the merits, and properly so. That defense involves a question of fact, which it is futile to determine, and is of no consequence, considering the views which we entertain in regard to the other and really important question, which is decisive of the case.

We held in substance in the case of J. B. Stakes vs. Lara J. Jones, appealed from the parish of Acadia and decided June 12, 1919, 125 So. 197, that a father who is intrusted with the custody and administration of his minor child's estate, under article 221, C. C. may not void and nullify the engagements and agreements made by such minor with innocent third persons, apparently with the consent of that father, in regard to the administration and disposition of such estate. To hold otherwise would be to open the door for, and to permit the commission of fraud. The purpose of our civil law, based upon the highest principles of ethics and morality, and enacted after the experience of ages, is to prevent, and not to permit, the commission of fraud. A contrary doctrine would permit the father to remain silent when such engagement was to his advantage, to only repudiate it when to his disadvantage, and thus, by his own laches, cause a loss or damage to innocent third persons.

Plaintiff, as against the principles thus

announced, seems to rely upon the terms of C. C. art. 3001, which provides that "women and emancipated minors may be appointed attorneys," etc., and he contends that, by this language, authority conferred upon an unemancipated minor is null and void and of no effect. This is a non sequitur. The language of article 3001 is substantially a literal translation of C. N. art. 1990. The French commentators on the Code Napoleon are practically unanimous in the opinion that such an authorization cannot be questioned by the principal, as against third persons who have acted on the faith of such authorization. Baudry-Lacantinerie, commenting upon that article of the Code, says that the functions of an agent may be exercised by an unemancipated minor. The principal is free to repose his confidence in whomsoever he may wish. If the incapacitated person whom he has chosen deceives him, he alone should suffer, since he has assumed the responsibility for all that his agent might do within the limits of the power conferred upon him. It concerns him alone to expose himself to such a danger. Baudry cites as authority for this opinion "Cpr. Cass. 20 Janv. 1892."

Fuzier-Herman in his "Code Civil, annote," commenting on article 1990, says:

"Thus the mandate given to an unemancipated minor is valid in the sense that the minor, in carrying out the mandate, binds the principal towards third persons."

He cites as authority decisions of the French courts, and also Duranton, Troplong, and Aubry and Rau.

To hold otherwise would certainly be contrary to ethics and good morals.

In this case Heffner, the son, entered into a contract with the Crowley Motor Company on August 29, 1927. The motor company had no reason to believe otherwise than that young Heffner was fully able to act in his own right. On September 10, 1927, Heffner, Jr., openly violated the contract by buying an automobile from Mr. or Mrs. Hooker. The present suit, to annul the contract with the Crowley Motor Company, was filed May 4, 1928, and therein A. C. Heffner, father, seeks to void that contract on the ground that his son was a minor at the time the contract was entered into. Admitting the minority of young Heffner, it was his father's right, and indeed his duty, to have prevented him from misleading the Crowley Motor Company by entering into this agreement, and he now has no right to void what he apparently sanctioned, to the detriment of the Crowley Motor Company.

For these reasons, the judgment of the district court is affirmed.